JUSTICE McKINNON,
concurring.
¶23 I agree that Sanchez has not met his burden of establishing the disputed instruction adversely affected his substantial rights and that, as a whole, the jury was properly instructed that the State must prove guilt beyond a reasonable doubt. However, in a case such as this where the direct evidence of guilt is strong and it was unnecessary for the jury to rely on circumstantial evidence, I would take the opportunity to correct what I believe to be error in this Court’s precedent regarding the “most reasonable” instruction.
¶24 The District Court gave an instruction which has been approved by this Court and adopted as a pattern jury instruction, based upon precedent considering sufficiency of the evidence. The instruction grew from language in State v. Atlas, 224 Mont. 92, 95, 728 P.2d 421, 423 (1986), where this Court addressed whether substantial evidence supported a conviction for homicide. After explaining that substantial evidence exists when “a reasonable person would accept the conclusion, when viewed in the light most favorable to the prevailing party!,]” we explained that if “circumstances are capable of two interpretations, the trier of fact determines which is most reasonable.” Atlas, 224 Mont. at 95, 728 P.2d at 423. Subsequent precedent addressing sufficiency of the evidence built on the language of Atlas, and, in State v. Bowman, 2004 MT 119, 321 Mont. 176, 89 P.3d 986, this Court ultimately replaced a prior circumstantial evidence instruction with the “most reasonable” instruction.
¶25 Importantly, pre- Bowman precedent leading to the “most reasonable” instruction did not contemplate a choice between two reasonable interpretations, but rather recognized that as between two interpretations, the jury must decide which is reasonable. Our previous circumstantial evidence instruction as set forth in State v. Lucero, 214 Mont. 334, 693 P.2d 511 (1984), which we jettisoned in Bowman, instructed the jury with respect to competing interpretations of evidence, both of which were reasonable. Pursuant to Lucero, “if the circumstantial evidence was susceptible to two reasonable interpretations, one of which points to the defendant’s guilt and the other to his innocence, it is the duty of the jury to adopt the interpretation which points to the defendant’s innocence and reject that interpretation which points to his guilt .’’ Lucero, 214 Mont. at 339, 693 P.2d 513-14 (emphasis added). In the context of competing reasonable interpretations of the evidence, the Lucero instruction was consistent with the State’s burden of proof and the defendant’s *269 presumption of innocence. The Lucero instruction did not inject a measure of reasonableness as Bowman does, and thus did not compromise the competing measure of the evidence in the context of the State’s burden of proof.
¶26 In my view, the “most reasonable” instruction is inconsistent with the presumption of innocence to which a defendant is entitled. Were this case based entirely on circumstantial evidence, the jury would have been given conflicting jury instructions that it should adopt the “most reasonable” interpretation of the circumstantial evidence while also being instructed the State’s burden was to prove guilt beyond a reasonable doubt and the defendant was entitled throughout trial to a presumption of innocence. The “most reasonable” instruction mistakenly draws on sufficiency precedent and, in doing so, injects a comparative measure—“most”—which potentially compromises the reasonable doubt standard.
¶27 I would endorse a circumstantial evidence instruction which could be relied upon to produce a result consistent with the State’s burden of proving guilt and the defendant’s presumption of innocence. The instruction given, “[w]hen circumstantial evidence is susceptible of two interpretations, one that supports guilt and one that supports innocence, the jury determines which is most reasonable,” directed the jurors to compare interpretations and choose the interpretation “most” reasonable. While a jury must evaluate interpretations and assess whether they are reasonable, that interpretation must still be measured against the State’s burden of proof beyond a reasonable doubt and a defendant’s presumption of innocence. The “most reasonable” instruction, due to its origins in sufficiency precedent, obscures the distinction between evaluating and assessing the evidence with measuring that evidence against the State’s burden of proof. Potentially, the “most reasonable” instruction, though not here, could undermine the reliability of a conviction which is based entirely on circumstantial evidence. I see no reason to wait until such a case surfaces and then reverse a hard-fought conviction. I would clarify these principles and thus avoid any potential confusion between evaluating conflicting evidence, which requires the jury employ reason, and measuring that interpretation against the State’s burden of proving guilt beyond reasonable doubt.
¶28 In my opinion, this case presents the perfect opportunity to make such a clarification. Accordingly, I would return to the pre-Bowman instruction embraced in Lucero, and instruct as follows: if the circumstantial evidence was susceptible to two reasonable interpretations, one of which points to the defendant’s guilt and the *270 other to his innocence, it is the duty of the jury to adopt the interpretation which points to the defendant’s innocence and reject that interpretation which points to his guilt. With this qualification, I concur in the Court’s decision to affirm Sanchez’s conviction.